## THE ILLINOIS CENTRAL RAILROAD COMPANY
### *v.*
### GUSTAVE DEMARS.

1. MEASURE OF DAMAGES. In an action against a railroad company for a failure to furnish passenger cars, as agreed upon, for an excursion, at a stipulated price, the measure of recovery would be the amount the plaintiff would have received as passage money, if the train had gone as proposed, less the amount agreed to be paid for the use of the cars.

2. CONTRACTS — *need not be performed in installments.* Where the contract on the part of the company, in such case, was to furnish six cars, upon certain notice to be given, and there was a request for only four cars, a failure to furnish the smaller number was no breach of the contract. The company had a right to perform the contract as an entirety, or could not be required to perform it at all.

APPEAL from Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. GEO. C. CAMPBELL and Mr. H. LORING, for the appellant.

Mr. THOS. P. BONFIELD, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Kankakee Circuit Court against appellant, to recover for a breach of contract to furnish six passenger cars upon three days' notice. On the trial below, appellee introduced in evi-

dence a letter written by W. P. Johnson, as general passenger agent, in which he says that appellee's communication to Mr. Hughitt, general superintendent, had been placed in his hands for reply. He says they will charter appellee six cars to Chicago, and to return, for fifty-six dollars each; that he can have them at any time by giving the station agent three days' notice, and requesting him to give notice. This was dated the 28th day of August, 1856.

Appellee proved, that on the 22d of September following, he gave notice to the station agent that he wanted four cars on the following Tuesday morning. The agent telegraphed to Johnson on the day appellee gave notice that he wanted the cars. The station agent received no reply, nor were the cars furnished. The station agent testified, that he had no authority to make a contract for cars with appellee, nor did he make any; that Hughitt was the agent for letting the cars. Appellee proved that he sold two hundred and forty-three tickets, at one dollar and fifty cents each, for the excursion, on the 25th of September, and that the money was refunded.

The jury found a verdict in favor of appellee for $376. A motion for a new trial was entered, and overruled, and judgment rendered by the court on the verdict, to reverse which this appeal is prosecuted.

It is urged that the court below erred in allowing appellee to introduce evidence of the number of persons at the depot on the morning of the 25th of September, the time he had given notice that his excursion would be made. This was error, unless it had appeared that these persons intended to go on the cars chartered by appellee, and were not of those who had purchased tickets. Had that appeared, then the jury would have been authorized to take into consideration the amount he would have thus received over and above that received on the sale of tickets. The object of this evidence was to ascertain the loss he had sustained by not obtaining the cars. It could, therefore, have made no difference what number of persons were there, unless they had intended to go on appellee's excursion train on that day.

The measure of damages would be the amount of money appellee lost by the breach of contract, and to ascertain the amount he had received by the sale of tickets and the sum he would have received from others had the train gone as proposed, and any other loss sustained, and from the gross sum deduct the cost of the cars, and the difference would have been the damage sustained. This evidence was therefore improper and should have been excluded.

It is likewise urged, that the evidence did not warrant the verdict, as the damages were excessive. We have seen that appellee sold two hundred and forty-three tickets, which, at one dollar and fifty cents each, makes the aggregate sum of $364.50. The amount he would have been required to pay for four cars would have amounted to $224, which, taken from the amount received for tickets, would have left $140.50, which might have been increased by proving expense for advertising and the payment of agents to sell tickets. But in no view we can take of the evidence could such expense have reached the amount of the verdict. If twenty-five or thirty dollars were allowed for advertising, the sale of tickets and other incidental expenses, still the verdict would be more than $100 too large. The jury evidently overlooked the fact, that the cost of the cars would have to be deducted from the receipts, on the sale of tickets. The remainder would, under the evidence in this record, have been the measure for the recovery. For this error the court below should have set aside the verdict and granted a new trial.

The evidence no doubt varied from the contract described in the first count. It averred a contract to furnish six cars on three days' notice, while the proof showed a request to furnish but four. When the company agreed to furnish a certain number of cars, they were guilty of no breach of contract in failing to furnish a larger or smaller number. Their contract was not to furnish four cars, but six. A demand to furnish but four was not a request to perform the contract they had made, but it was for a different thing. They could not be in default by refusing to perform their contract in parts. They had con-

tracted to furnish a specific number to be furnished all at the same time, and appellee had no right to compel them to furnish the cars in installments. They had a right to perform their contract as an entirety, and to require it to be performed otherwise would be to make for the parties a new contract. Until he demanded the six cars he claims to have contracted for, and the company had refused to furnish them, there was no breach of contract authorizing a recovery. The evidence does not tend to prove such a demand, and the judgment was therefore unauthorized, and must be reversed, and the cause remanded.

*Judgment reversed.*